UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT JOSEPH CORNEJO,<br><br>  Defendant. | Case No.: 21-CR-0154-TWR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[ECF No. 96] |

Pending before the Court is Defendant Robert Joseph Cornejo's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (hereinafter "Motion"). [ECF No. 96.] The Government has filed a response in opposition to the Motion. [ECF No. 100.]

### I.   BACKGROUND

On November 19, 2020, defendant Cornejo was arrested at the San Ysidro Port of Entry after law enforcement officers discovered that the car he was traveling in contained a Glock 21 handgun and 49 rounds of .45 caliber ammunition. [ECF No. 1.] On June 7, 2021, defendant Cornejo tendered a guilty plea to a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) before Magistrate Judge Major. [ECF No. 42.] At a hearing on June 25, 2021, the Court accepted defendant Cornejo's guilty plea and granted his request to remain on bond pending sentencing. [ECF No. 46.]

///

Several days before his scheduled sentencing hearing on November 1, 2021, defendant Cornejo submitted a letter to the Court. [ECF No. 56.] In that letter, defendant Cornejo stated:

> I know this is not my first time dealing with a charge like this.[1] And I know that I face consequences for my actions. I plead guilty knowing that and did not fight any of this case because I knew and understand that. I don't have any excuse for carrying this gun. I should not have had it. I know it is wrong.
>
> What I can tell you now is that things have to change. I have spent too many years in prison. Thankfully, my family, my kids and my friends have stood by me and never abandoned me even when I have been gone for long stretches of time. I am now 41 years old. My right leg was amputated below the knee. I have to use a prosthetic. And now, I am having trouble with my other leg because of how I walk because of the prosthetic. In short, I am not a young man anymore and I have to change my life. In all honesty, this is the first time I have really said this out loud.
>
> I am thankful I got the chance to be out on bond while this case was pending because I could work and save up money. I also worked on a plan for when I release from prison. I would like to go to Denver, Colorado and get away from Southern California. My brother lives in Denver. I have good friends that are hardworking people who would be a good influence and support.
>
> I know you may think that once in the system always in the system based on my record[,] but I believe I can prove you wrong. I hope you give me that chance and that you look at my time on bond as an example of how things can go for me.
>
> Thank you for reading this letter.

---

[1] Defendant Cornejo sustained felony convictions for firearms-related offenses in 2001, 2007, and 2009. All of those cases also involved a California Penal Code § 186.22 allegation of criminal street gang activity. [PSR at ECF No. 48.]

[ECF No. 56.] Five days after submitting that letter, defendant Cornejo failed to appear for his scheduled sentencing hearing and became a fugitive. [ECF No. 60.] While a fugitive in this case, defendant Cornejo was arrested and convicted by state authorities for being a felon in possession of a firearm. [ECF Nos. 89 at p. 2; 94 at p. 15.]

On May 5, 2023, defendant Cornejo was sentenced to 51 months in custody followed by three years of supervised release. [ECF No. 90.] The present Motion was filed on August 2, 2024. [ECF No. 96.]

## II.  LEGAL STANDARD

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statutes. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act of 2018 ("FSA") is such a statute. Pub L. 115-391, 132 Stat. 5194. The FSA amended 18 U.S.C. § 3582(c)(1)(A) to provide for the discretionary reduction of a defendant's sentence where "extraordinary and compelling reasons" exist to support such a reduction. Specifically, section 3582(c)(1)(A) provides:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) . . . , if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . , and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are three questions before the Court: (1) whether defendant Cornejo has satisfied the administrative exhaustion requirement, (2) whether defendant Cornejo has demonstrated extraordinary and compelling reasons for a sentence reduction consistent with applicable Sentencing Commission policy statements, and (3) whether the section 3553(a) factors support a sentence reduction. The Court may not grant the Motion unless all three questions are answered in the affirmative.

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant Cornejo has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). He applied for compassionate release with his warden, he has not received a response, and it has been more than 30 days since his request. [ECF No. 96 at pp. 8–9.] The Government does dispute that defendant Cornejo has exhausted his administrative remedies. [ECF No. 100.]

### B. Extraordinary and Compelling Reasons

The Court may grant a motion to reduce a defendant's sentence pursuant to section 3582(c)(1)(A) only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although Congress did not provide a statutory definition of "extraordinary and compelling reasons," the Sentencing Commission amended Guideline § 1B1.13 on November 1, 2023, so that it now constitutes the Commission's "policy statement" governing compassionate release motions. As the movant, defendant Cornejo bears the burden of establishing that he is eligible and entitled to a reduction in his sentence.

Defendant Cornejo identifies three reasons to support his request for a sentence reduction: (1) his serious medical conditions, combined with the delayed and inadequate medical treatment and follow-up appointments he has received while in federal custody; (2) the unusually harsh conditions of confinement he has endured at FCI Victorville Medium I due to his amputee status; and (3) his exceptional rehabilitation and strong release and reentry plan. He further argues that each of those reasons are consistent with Guideline §§ 1B1.13(b)(1) and 1B1.13(d).

The Court finds that the three reasons put forth by defendant Cornejo, either individually or when considered together, fail to establish extraordinary and compelling reasons to reduce his sentence. *See* Guideline §§ 1B1.13(b), 1B1.13(b)(5) (analysis of whether extraordinary and compelling reasons exist must take into account not only the

individual circumstances identified by the defendant, but the cumulative effect of all the circumstances identified by the defendant as well).

### 1. Serious Medical Conditions

Defendant Cornejo has failed to establish that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13(b)(1)(B). Nor has defendant Cornejo established that the long-term or specialized care that the BOP is allegedly not providing him puts him at risk of a serious deterioration in his health or death. *See* USSG § 1B1.13(b)(1)(C). Indeed, a comparison between the health-related concerns raised in defendant Cornejo's Motion with the health-related concerns he reported to the Probation Office indicates that defendant Cornejo's amputation-related difficulties may have improved while in custody. *See* PSR at § 70.[2]

### 2. Conditions of Confinement

While it is undoubtedly true that defendant Cornejo's status as an amputee has made his time in custody more challenging, the Court is unpersuaded that the conditions of confinement faced by defendant Cornejo constitute an extraordinary and compelling reason to reduce his sentence.

### 3. Rehabilitation and Release Plan

Defendant is to be commended for utilizing his time in custody productively and for having a plan to remain law abiding upon his release from custody. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *See* USSG 1B1.13(d). Additionally, the post-release plan proffered by defendant Cornejo in his Motion is remarkably similar to the post-release plan he submitted to the Court in the above-noted sentencing letter. *See supra* p. 2. Less than one week after submitting that plan to the Court, defendant Cornejo became a fugitive and, while on fugitive status,

---

[2]   At the time of the PSR interview, defendant Cornejo was out of custody on pretrial release and therefore had unrestricted access to medical care.

committed yet another gun-related felony offense. While the Court sincerely hopes defendant Cornejo does become a law-abiding member of society upon his release from custody, the likelihood of that occurring is unfortunately belied by the record in this case.

### C. Section 3553(a) Factors

Even if defendant Cornejo could establish "extraordinary and compelling reasons" for compassionate release, the Court would nevertheless find that an analysis of the section 3553(a) factors compels the conclusion that a reduction in sentence is not appropriate. This case represents the fifth time defendant Cornejo has been convicted of a felony gun-related offense. Three of his state gun-related cases involved gang enhancement allegations pursuant to California Penal Code § 186.22.[3] Particularly troubling is that defendant Cornejo sustained one of his prior gun-related felony convictions while a fugitive in this case.

Defendant Cornejo also has a well-documented history of non-compliance with court-ordered conditions of probation and parole, which is consistent with his decision to commit a felony offense while on pretrial release in this case. When arrested with a firearm in 2009, defendant Cornejo admitted that he possessed the firearm for "protection" from rival gang members and that, when the police had approached to arrest him, "the only reason he did not use the firearm against the officer was because he feared that [name redacted] and [name redacted] may be struck by a stray round." Defendant Cornejo's criminal record results in 9 criminal history points, which places him in a criminal history category of IV.

---

[3] When arrested for being a felon in possession of a firearm in 2009, defendant Cornejo told the arresting officers that he had been a Ward Street gang member for 15 years. During a separate arrest in 2009, defendant Cornejo told officers, "you got me on some bullshit charge fuck that. I'm doing good on parole right now and you know that. I might as well start banging again. Fuck that, when I get out you better try to stop me and arrest me for something good. You might find me with a gun or something when I get out, fuck that, I'm going to start banging again."

The Court finds that the 51 month sentence imposed in this case is sufficient, but not greater than necessary, to address all of the section 3553(a) factors and that a reduced sentence would not adequately: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) deter defendant Cornejo from committing offenses in the future; and, perhaps most significantly, (5) protect the public from future crimes committed by defendant Cornejo. The Court is mindful that defendant Cornejo may be able to obtain more effective medical care if he were not in custody, but that factor is heavily outweighed by all of the other section 3553(a) factors.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, defendant Cornejo's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 9/5/2024

Honorable Todd W. Robinson
United States District Judge